the Chief Executive Officer with the approval of the Executive Committee as needed. A list of the Board of Directors and the Executive Committee is attached as "Response to Interrogatory No. 6".

**INTERROGATORY NO. 7:** Please list and describe the management structure for University Radiologists as it existed from June 6, 2000 through May 6, 2003. For each position listed in said management structure, please identify by name, address and telephone number the person holding the position and describe the job duties and functions of each position.

Please produce copies of all statements, notes, memorandum or any other preservation of the recollection of any witness with information relevant to Defendant's Response to Interrogatory No. 7. If Plaintiff claims privilege to all or part of any such document, identify such document and state the basis for such privilege.

**ANSWER:**

Defendant has no knowledge.

**INTERROGATORY NO. 8:** Please list and identify all individuals responsible for formulating and implementing all labor relations and employment policies applicable to the employees of Professional Business Services of Central Illinois.

Please produce copies of all evaluations, statements, notes, memorandum or any other preservation of the recollection of any witness with information relevant to Defendant's Response to Interrogatory No. 8. If Plaintiff claims privilege to all or part of any such document, identify such document and state the basis for such privilege.

**ANSWER:**

Defendant objects to Interrogatory No. 8 on the grounds that it is overly broad and unduly burdensome and therefore is not reasonably calculated to lead to the discovery of relevant

6

evidence. Notwithstanding, but subject to these and its General Objections, Defendant states that the manager of Professional Business Services is responsible for implementing labor relations and employment policies applicable to its employees. The manager's decisions are approved by Thomas C. Dickerson as Secretary/Vice-President of Professional Business Services. During the course of Plaintiff's employment, the manager was Fred Williamson.

**INTERROGATORY NO. 9:** Please list and identify all individuals responsible for formulating and implementing all labor relations and employment policies applicable to the employees of Clinical Radiologists.

Please produce copies of all evaluations, statements, notes, memorandum or any other preservation of the recollection of any witness with information relevant to Defendant's Response to Interrogatory No. 9. If Plaintiff claims privilege to all or part of any such document, identify such document and state the basis for such privilege.

**ANSWER:**

Defendant objects to Interrogatory No. 9 on the grounds that it is overly broad and unduly burdensome and therefore is not reasonably calculated to lead to the discovery of relevant evidence. Notwithstanding, but subject to these and its General Objections, Defendant states that with respect to physician issues, the Executive Committee of Clinical Radiologists formulates and implements all labor relations and employment policies, with the approval of the Board of Directors as needed. With respect to its non-physician employees, Thomas C. Dickerson, Chief Executive Officer, formulates and implements labor relations and employment policies with the approval of the Executive Committee as needed.

**INTERROGATORY NO. 10:** Please list and identify all individuals responsible for formulating and implementing all labor relations and employment policies applicable to the employees of University Radiologists.

Please produce copies of all evaluations, statements, notes, memorandum or any other preservation of the recollection of any witness with information relevant to Defendant's Response to Interrogatory No. 10. If Plaintiff claims privilege to all or part of any such document, identify such document and state the basis for such privilege.

**ANSWER:**

Defendant has no knowledge.

**INTERROGATORY NO. 11:** Please describe in full all relationships which exist between any of the following entities: Professional Business Services of Central Illinois, Clinical Radiologists and University Radiologists.

Please produce copies of all evaluations, statements, notes, memorandum or any other preservation of the recollection of any witness with information relevant to Defendant's Response to Interrogatory No. 11. If Plaintiff claims privilege to all or part of any such document, identify such document and state the basis for such privilege.

**ANSWER:**

Defendant objects to Interrogatory No. 11 on the grounds that it is overly broad and unduly burdensome and therefore is not reasonably calculated to lead to the discovery of relevant evidence. Notwithstanding, but subject to these and its General Objections, Defendant states that there is no relationship between Clinical Radiologists and University Radiologists. There is a contract between Professional Business Services and University Radiologists pursuant to which Professional Business Services provides billing services. There is a contract between

Professional Business Services and Clinical Radiologists pursuant to which Professional Business Services provides billing services. Shareholders of Clinical Radiologists may be eligible to be considered as purchasers of shares of Professional Business Services.

**INTERROGATORY NO. 12:** Please list and describe all instances in which Professional Business Services, Clinical Radiologists and University Radiologists, share or jointly utilize any professional or managerial services such as bookkeepers, payroll processors, recruitment, interviewing and human resources personnel and services.

Please produce copies of all evaluations, statements, notes, memorandum or any other preservation of the recollection of any witness with information relevant to Defendant's Response to Interrogatory No. 12. If Plaintiff claims privilege to all or part of any such document, identify such document and state the basis for such privilege.

**ANSWER:**

Defendant objects to Interrogatory No. 12 on the grounds that it is overly broad and unduly burdensome and therefore is not reasonably calculated to lead to the discovery of relevant evidence. Notwithstanding, but subject to these and its General Objections, Defendant states that legal services are provided to Professional Business Services by Wolfson & Papushkewych LLP; legal services are provided to Clinical Radiologists by Wolfson & Papushkewych LLP and Schmiedeskamp, Robertson, Neu & Mitchell, Quincy, Illinois. Accounting services are provided to Clinical Radiologists and Professional Business Services by Kerber, Eck & Braeckel. Kim Sparrow, an employee of Clinical Radiologists, has specified duties in the implementation of personnel actions at Professional Business Services from time to time. Professional Business Services has no knowledge related to University Radiologists.

9

**INTERROGATORY NO. 13:** Please list all individuals who were employed by, or provided paid services to, Professional Business Systems, Clinical Radiologist or University Radiologists from June 2000 through May 2003. For each such individual, please indicate which entity the individual was employed by or provided paid services to, the job duties performed or services the individual provided, the dates of employment.

Please produce copies of all evaluations, statements, notes, memorandum or any other preservation of the recollection of any witness with information relevant to Defendant's Response to Interrogatory No. 13. If Plaintiff claims privilege to all or part of any such document, identify such document and state the basis for such privilege.

**ANSWER:**

Defendant objects to Interrogatory No. 13 on the grounds that it is overly broad and unduly burdensome and therefore is not reasonably calculated to lead to the discovery of relevant evidence. Notwithstanding, but subject to these and its General Objections, Defendant states that a list of all individuals employed by Professional Business Services is attached as "Response to Interrogatory No. 13". A list of all individuals who are employed by Clinical Radiologists is attached as "Response to Interrogatory No. 13". Professional Business Services has no knowledge related to individuals employed by or providing paid services to University Radiologists.

Respectfully submitted,

PROFESSIONAL BUSINESS SERVICES OF
CENTRAL ILLINOIS, INC., Defendant

BY: _____
    One of Its Attorneys

Gerri Papushkewych
Wolfson & Papushkewych LLP
2904 Greenbriar Drive, Suite D
Springfield, Illinois 62704
(217)787-3210

10