IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KAREN WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03-3283 |
| | ) | |
| PROFESSIONAL BUSINESS SERVICES OF CENTRAL ILLINOIS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF KAREN WATKINS

Defendant Professional Business Services of Central Illinois, Inc. ("PBS") by and through its attorneys Wolfson & Papushkewych LLP moves to strike paragraphs 2, 3, 5 and 6 of the Affidavit of Karen Watkins filed in support of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Memorandum"). Plaintiff relies upon the facts stated in these paragraphs as direct evidence establishing an issue of disputed fact in this case.[1] However, these facts fail to meet the standards for affidavits in support of and in opposition to summary judgment motions as required by Fed.R.Civ.P. 56(e) and therefore should be stricken.

Rule 56(e) of the Fed.R.Civ.P. states in part:

> "Supporting and opposing affidavits shall be made on *personal knowledge,* shall set forth such *facts* as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein … [T]he adverse party's response … must set forth *specific facts* showing that there is a genuine issue for trial …". (emphasis added)

---

[1] Plaintiff cites her Affidavit as evidence in Plaintiff's Memorandum, "Section 2, Material Facts to Be Disputed", No. 28, pp. 6-7; No. 29, p. 8; "Argument", pp. 21-22, 27.

Rule 56(e) parallels Rule 602 of the Federal Rules of Evidence which provides that "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Plaintiff's Affidavit fails to meet these standards.

Plaintiff first filed this Affidavit on February 13, 2004 in support of her Response to Motion to Dismiss. Now, despite uncontroverted evidence about the ownership of PBS and Clinical Radiologists, her own admissions and the availability of both public records and discovery, Plaintiff has again filed the same conclusory Affidavit without setting forth any factual basis for her assertions.

In paragraph 2 of her Affidavit, Plaintiff asserts that PBS is owned by Dr. Moore. That assertion is only partially correct; Dr. Moore is one of 15 shareholders of PBS. Plaintiff admitted this in her Memorandum (Plaintiff's Additional Material Facts 11, 14, 25, 27, incorporating Defendant's list of owners attached as Response to Interrogatory No. 2, Plaintiff's Memorandum, pp. 11-14). Plaintiff's assertion of Dr. Moore's sole ownership should be stricken.

In paragraph 3 of her Affidavit, Plaintiff alleges that Dr. Moore and PBS "also own two other business entities, Clinical Radiologists in Springfield, Illinois, and an entity known as 'University'…". Plaintiff has failed to state any basis for her knowledge of the ownership of these entities. The ownership of Clinical Radiologists has been set forth by Defendant and admitted in Plaintiff's Memorandum (Plaintiff's Additional Material Fact 12, admitting Defendant's list of owners of Clinical Radiologists attached as Response to Interrogatory No. 3, Plaintiff's Memorandum, p. 11). Plaintiff fails to set forth any facts to establish that she has any knowledge of "University". Her lack of knowledge is clearly proclaimed by her failure to

correctly name the entity she states is "known as 'University'" (Plaintiff's Affidavit, par. 3). The testimony of Defendant establishes that "University Radiologists" is a customer of PBS for whom PBS provides billing services to third party payors such as insurance companies and Medicare, and that there is no other relationship (Dickerson dep. pp. 6, 10-12). Defendant provided specific information about the relationship of PBS and University Radiologists and lack of relationship between University Radiologists and Clinical Radiologists; Plaintiff was under the obligation to set forth specific facts controverting Defendant's assertions. Fed.R.Civ.P. 56(e). Plaintiff's admission as to the ownership of Clinical Radiologists and her failure to set forth any basis for her assertion as to the ownership of "University" requires that paragraph 3 of her Affidavit be stricken.

In paragraph 5 of her Affidavit, Plaintiff alleges that her immediate supervisor at PBS, Fred Williamson, also performed "supervisory and managerial functions for Clinical Radiologists and University" and that he interviewed, hired and discharged employees for PBS, Clinical Radiologists and University. As previously noted, Plaintiff's failure to correctly state the name of the group she calls "University" and her failure to state any facts to show that she has any knowledge of "University" demonstrate that she is not competent to testify to these facts about "University". Furthermore, she has not alleged any facts to support her allegations regarding supervision or management of Clinical Radiologists. An affidavit submitted in opposition to a motion for summary judgment must "show affirmatively" that the affiant is competent to testify to those matters. Fed.R.Civ.Pro. 56(e). Statements not based upon personal knowledge must be disregarded. To survive summary judgment, "nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient (citations omitted)." *Murray v. City of*

3

*Sapulpa,* 45 F.3d 1417, 1422 (10th Cir. 1995). Plaintiff's Affidavit does not explain why or upon what basis she would have any personal knowledge of these subjects. As in *Kephart v. Data Systems Intern., Inc.,* 243 F.Supp.2d 1205, 1209-1210 (D. Kan. 2003) in which the affidavit of the supervisor was disregarded to the extent it did not explain how or why the supervisor had personal knowledge about particular subjects, Plaintiff's Affidavit should also be disregarded or stricken.

The Seventh Circuit has repeatedly stated that conclusory statements, unsupported by evidence of record, are insufficient to avoid summary judgment. *Albiero v. City of Kankakee,* 246 F.3d 927, 933 (7th Cir. 2001). The court has stated that Rule 56 demands something more than the bald assertion of a general truth of a particular matter. Rather, "it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted" (citation and quotation marks omitted). *Ibid.* Defendant provided specific facts about the management of Clinical Radiologists and Plaintiff was under the obligation to set forth specific facts based upon concrete facts establishing the existence of the truth of the matters she is asserting in her Affidavit. Plaintiff's unsupported allegations about Fred Williamson's role at Clinical Radiologists (and University) are insufficient to establish the existence of a genuine issue of material fact with respect to the management of Clinical Radiologists (or University). As the court stated in *Palucki v. Sears, Roebuck & Co.,* 879 F.2d 1568, 1572 ( 7th Cir. 1989), "a party to a lawsuit cannot ward off summary judgment with an affidavit or deposition based on rumor or conjecture." Paragraph 5 of Plaintiff's Affidavit should therefore be stricken.

Plaintiff admits that paragraph 6 of her Affidavit is based upon conjecture: she states that "employees for PBS, Clinical Radiologists and University were paid with checks that *appeared to be drawn* from the same account." (emphasis supplied). Plaintiff has not stated any

4

basis for her alleged knowledge of how employees of Clinical Radiologists and/or University were paid. Defendant has provided specific facts that University Radiologists is completely unrelated to Clinical Radiologists, that its only connection with PBS is as a customer for whom PBS performs billing services and that no individual works for both Clinical Radiologists and University Radiologists or PBS and University Radiologists (Dickerson dep. pp. 11-12). Plaintiff has admitted that Clinical Radiologists and PBS have separate checking accounts and each pay their employees separately (Plaintiff's Admission of Undisputed Facts 11, 20, Plaintiff's Memorandum, p. 21). As with the previously discussed paragraphs, Plaintiff failed to meet her obligation to set forth specific facts controverting Defendant's assertions and paragraph 6 of her Affidavit should be stricken. Fed.R.Civ.P. 56(e).

    Plaintiff has not shown that she is competent to testify as to the facts contained in paragraphs 2, 3, 5 and 6 of her Affidavit. She has failed to establish that she possesses the requisite personal knowledge about the matters asserted in these paragraphs as required by Fed.R.Evid. 602. Defendant respectfully requests that this Court strike paragraphs 2, 3, 5 and 6 of the Affidavit of Karen Watkins.

    Respectfully Submitted,

PROFESSIONAL BUSINESS SERVICES
OF CENTRAL ILLINOIS, INC., Defendant
s/Gerri Papushkewych
Gerri Papushkewych, Bar No. 11240
Attorney for Defendant
Wolfson & Papushkewych LLP
2904 Greenbriar Drive, Suite D
Springfield, IL 62704
Telephone: (217)787-3210
Telefax: (217)787-1752
E-mail: gerrip@wpllplaw.com

CERTIFICATE OF SERVICE

    I hereby certify that on January 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bradley B. Wilson
Gates, Wise & Schlosser, P.C.
1231 South Eighth Street
Springfield, IL  62703

                                            s/Gerri Papushkewych
                                            Gerri Papushkewych, Bar No. 11240
                                            Attorney for Defendant
                                            Wolfson & Papushkewych LLP
                                            2904 Greenbriar Drive, Suite D
                                            Springfield, IL  62704
                                            Telephone:  (217)787-3210
                                            Telefax:  (217)787-1752
                                            gerrip@wpllplaw.com