IN THE UNITED STATED DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KAREN WATKINS, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  03-3283 |
| | ) | |
| PROFESSIONAL BUSINESS SERVICES | ) | |
| OF CENTRAL ILLINOIS, INC., | ) | |
| | ) | |
|    Defendants. | ) | |

**MOTION TO STRIKE SUPPLEMENTAL
AFFIDAVIT OF THOMAS C. WILKERSON**

*NOW COMES* the Plaintiff, KAREN WATKINS, by and through her attorneys, GATES, WISE & SCHLOSSER, P.C., and for her Motion to Strike the Supplemental Affidavit of Thomas C. Dickerson, states as follows:

**FACTS**

On October 26, 2004, Thomas Dickerson's deposition was taken by Plaintiff's counsel. At the commencement of the deposition, Plaintiff's counsel gave Dickerson several instructions, including the following:

> Question:    Finally, if I ask a question and you're not sure where I'm going, please ask me to rephrase it, otherwise when I go back and read the transcript, if you answer a question, I'm going to assume that we were both on the same page and we were both talking about the same thing.
>
> So if there is any doubt in your mind, please ask me to rephrase and I'll do my best to do so...

*Transcript p. 5, lines 1 - 9.*

During the course of the deposition, Dickerson was asked the following questions and gave the following responses:

| | |
|---|---|
| Question: | Did Fred Williamson, as PBS's manager have to get your approval for all labor and employment policies that he wanted to enact? |
| Answer: | No. |
| Question: | What sort of policies did he have to get your approval for? |
| Answer: | Those policies would have been things like hiring of staff, termination of staff, change of policy that had been previously laid out? |
| Question: | What sort of policies – can you give me an example of a policy that had previously been laid out that he would want to change? |
| Answer: | I'm sorry? |
| Question: | That he wanted to change or approached you? |
| Answer: | I don't recall specifically. |
| Question: | Okay. And hiring and firing, those policies we just discussed, those are things he had to get your approval for? |
| Answer: | Within the budget of hiring, he could hire a personnel, particularly temporary personnel, to fill voids within the day-to-day operations, but terminations would come through me for permanent employees. |
| Question: | Besides hiring of temporary personnel, what sort of employment and labor policies was Fred Williamson free to enact without seeking or obtaining your approval? |
| Answer: | Are you asking for examples? |
| Question: | Yes, please. |
| Answer: | Assuring that employees were there and working and doing their job. He would have been responsible to make sure employees, you know, came to work each day and those types of things? |

*Transcript page 28, line 20 - page 30, line 5.*

On January 17, 2004, Defendant filed Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment. Attached as an Exhibit to Defendant's Reply to

2

Plaintiff's Response to Defendant's Motion for Summary Judgment was a document entitled Supplemental Affidavit of Thomas C. Dickerson. In his Supplemental Affidavit, Dickerson states:

1. My testimony during my deposition may have left an impression that Fred Williamson, Billing Operations Manager for Professional Business Services of Central Illinois, Inc. ("PBS"), required my approval to hire regular PBS employees. The fact is that I was not involved in recruiting, interviewing, selecting or hiring regular or temporary PBS employees. Those functions were performed by Fred Williamson. Williamson did not require my approval to hire either regular or temporary PBS employees, my approval was only required for the creation of new positions which were not already budgeted.

2. I was not involved in the supervision and/or discipline of PBS employees, except that my approval was required before a PBS employee could be terminated. The function of disciplining PBS employees, as well as the function of recommending termination of a PBS employeee, were functions performed by Billing Operations Manager Fred Williamson

*Supplemental Affidavit of Thomas C. Dickerson, paragraphs 1 & 2.*

By the instant motion, Plaintiff now moves to have the Supplemental Affidavit of Thomas C. Dickerson stricken.

## DISCUSSION

Affidavits must be disregarded by a court considering motion for summary judgment if affidavit contradicts clear deposition testimony by affiant. **Miller v A.H. Robins Co., Inc.** 766 F.2d 1102, 1104-05 (7th Cir. 1985); **Babrocky v. Jewel Food Company and Retail Meatcutters Union**, 773 F.2d 857, 861 (7th Cir. 1985); **Rubin v. Rudolf Wolf Commodity Brokers, Inc.,** 636 F. Supp. 258, 262 (N.D. Ill. 1986); **Selsor v. Callaghan & Co.,** 609 F.Supp. 1003, 1008-10 (N.D. Ill. 1985). The inconsistent affidavit may be considered only if the affiant shows he was confused at the deposition and the affidavit clarifies the confusion or if the affidavit sets forth newly discovered evidence. *Id.; Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980).

At his deposition, Thomas Dickerson clearly stated that Mr. Williamson could hire *temporary*

3

personnel without obtaining Dickerson's approval. When asked for examples of the type of actions Fred Williamson could undertake without Dickerson's approval, Dickerson at no time stated that Fred Williamson was free to hire regular personnel or impose discipline upon personnel without Dickerson's approval

By his Supplemental Affidavit, Dickerson is now trying to change the substance of his deposition testimony by asserting that Fred Williamson could both hire and discipline PBS's regular employees without Dickerson's approval. However, neither Defendant nor Dickerson have offered a reason which justifies Dickerson's attempt to contradict his own prior deposition testimony.

In his affidavit, Dickerson states "My testimony during my deposition may have left an impression that Fred Williamson, Billing Operations Manager for Prepfessional Business Services of Central Illinois, Inc. ("PBS"), required my approval to hire regular PBS employees." However, the mere fact that Dickerson's deposition testimony may have created an impression which is unfavorable to the Defendant, Dickerson's employer, is an insufficient reason for the Court to consider Dickerson's Supplemental Affidavit. As noted above, an inconsistant affadvit may be considered only if the affiant shows he was confused during his deposition or that there is newly discovered evidence. *See **Id**.*

Here, Dickerson does not indicate that he was, in fact, confused by the questions asked during his deposition. This is particularly noteworthy in light of the instruction given to Dickerson, advising him to ask Plaintiff's counsel to rephrase any questions which Dickerson did not understand. During his deposition, Dickerson availed himself of his option to request clarification when asked to give an example of a policy that had previously been established by PBS that Fred Williamson had wanted to change. Conversely, when asked if hiring and firing were acts which Fred Wiliamson had to obtain Dickerson's approval, Dickerson exhibited no confusion when he emphasized that Williamson was free to hire *temporary* employees.

4

Moreover, Defendant does not indicate that there is any newly discovered evidence regarding the limits of Fred Williamson's authority to hire regular PBS employees. Thus, Defendant have offered no legitimate reason for the submission of Dickerson's Supplemental Affidavit.

In ***Bank of Illinois v. Alliend Signal Safety Restrain Systems***, the Seventh Circuit stated,

> "We have long followed the Rule that parties cannot thwart the purposes of Rule 56 by creating "sham" issues of fact with affidavits that contradict their prior depositions. *Citations ommitted.* If such contradictions were permitted, we reasoned, 'the very purpose of the summary judgment motion — to weed out unfounded claims, *specious denials, and sham defenses*– would be severely undercut.'" ***Bank of Illinois v. Alliend Signal Safety Restrain Systems***, 75 F.3d 1162, 1169 (7th Cir. 1996)

Here, the Defendant, by Dickerson's Supplemental Affidavit is trying to negate the existence of a genuine issue of fact created by Dickerson's prior deposition testimony. Such is clearly improper in a summary judgment proceeding.

## **CONCLUSION**

***Wherefore,*** in light of the above, Plaintiff, KAREN WATKINS, respectfully requests that the Supplemental Affidavit of Thomas Dickerson be stricken and disregarded by the Court.

    Respectfully Submitted,
    **KAREN WATKINS**,

By:   /s/Bradley B. Wilson

Bradley B. Wilson
***GATES, WISE & SCHLOSSER, P.C.***
1231 South Eighth Street
Springfield, IL 62703
Tel: (217) 522-9010
Fax: (217) 522-9020

## CERTIFICATE OF SERVICE

      I hereby certify that on January 21, 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Gerri Papushkewych
Attorney of Law
2904 Greenbriar Drive, Suite D
Springfield, IL 62704

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

                              s/Bradley B. Wilson
                              Bradley B. Wilson Bar #6238373
                              Gates, Wise & Schlosser, P.C.
                              1231 South Eighth Street
                              Springfield, Illinois  62703
                              Telephone: 217/522-9010
                              Facsimile: 217/522-9020
                              E-mail: brad@gwspc.com