E-FILED
Friday, 28 January, 2005  10:38:49 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KAREN WATKINS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 03-3283 |
| PROFESSIONAL BUSINESS SERVICES OF CENTRAL ILLINOIS, INC., | ) |
| Defendant. | ) |

## RESPONSE TO MOTION TO STRIKE SUPPLEMENTAL AFFIDAVIT OF THOMAS C. DICKERSON

Now comes the Defendant, Professional Business Services of Central Illinois, Inc. ("PBS"), by and through its attorneys Wolfson & Papushkewych LLP and for its response to Plaintiff's Motion to Strike Supplemental Affidavit of Thomas C. Dickerson ("Plaintiff's Motion") states as follows.

Plaintiff argues that the Supplemental Affidavit of Thomas C. Dickerson should be stricken and disregarded and cites in support thereof cases which hold that affidavits must be disregarded by a court considering a motion for summary judgment if the affidavit contradicts clear deposition testimony by the affiant. The cases cited by Plaintiff, however, are not relevant to the facts before the Court in this case. Each of those cases involve affidavits that directly contradict prior testimony. ["direct contradiction of her prior testimony", *Miller v. A.H. Robins Co., Inc.,* 766 F.2d 1102, 1105 (7th Cir. 1985); "plaintiff directly contradicted her own earlier statements", *Babrocky v. Jewel Food Company and Retail Meatcutters Union,* 773 F.2d 857, 861 (7th Cir. 1985); "he flatly contradicts his deposition testimony", *Rubin v. Rudolf Wolf Commodity Brokers, Inc.,* 636 F.Supp. 258, 262 (N.D. Ill. 1986); "the affidavit contradicts several

admissions by Selsor in his deposition", *Selsor v. Callaghan & Co.,* 609 F.Supp. 1003, 1008 (N.D. Ill. 1985)]. The prohibition against contradictory affidavits applies only if clearly contradictory testimony is being offered. There is no prohibition against an affidavit which clarifies or amplifies testimony given during a deposition. *Maldonado v. U.S. Bank,* 186 F.3d 759, 768-769 (7th Cir. 1999). Dickerson's Supplemental Affidavit does not contradict clear deposition testimony, is not inconsistent with his deposition testimony and is competent evidence in support of Defendant's Motion for Summary Judgment.

<u>Paragraph 1 of Dickerson's Supplemental Affidavit</u>.

Paragraph 1 of the Supplemental Affidavit addresses the specific functions performed by Fred Williamson in managing PBS employees and Williamson's authority to make decisions without Dickerson's approval. With respect to the need for Dickerson's approval for personnel hiring, Plaintiff correctly states that Dickerson clearly stated that Fred Williamson could hire temporary personnel without obtaining Dickerson's approval (Plaintiff's Motion, pp. 3-4). However, Dickerson never testified that Fred Williamson could not hire regular personnel without Dickerson's approval. Dickerson was never asked whether Fred Williamson required Dickerson's approval before hiring regular personnel and he never testified that his approval was required. In fact, Dickerson specifically stated that Fred Williamson could hire personnel within the budget of hiring:

> Q. Okay. And hiring and firing, those policies we just discussed, those are things he had to get your approval for?
>
> A. Within the budget of hiring he could hire a personnel, particularly temporary personnel, to fill voids within the day-to-day operations, but terminations would come through me for permanent employees. (Dickerson dep., p. 29, lines 12-19).

Although Dickerson says that Williamson could "hire a personnel", the use of the phrase "particularly temporary personnel" may have left an incorrect impression about the actual hiring practices at PBS. The Supplemental Affidavit was submitted to clarify the actual hiring practices at PBS.

Paragraph 1 of Dickerson's Supplemental Affidavit is not only consistent with Dickerson's deposition testimony as quoted in Plaintiff's Motion (pp. 1-2), it is also consistent with his testimony throughout his deposition. Dickerson testified that the billing operations manager (Fred Williamson) exercised day to day supervision over PBS employees (Dickerson dep., pp. 21-22, 25). Review of Dickerson's deposition shows that the questions asked of Dickerson were general in nature: at no time did Plaintiff's counsel articulate questions regarding specific supervision duties. Counsel never asked and Dickerson never testified about Williamson's authority for recruiting, interviewing, or selecting of PBS employees; the only testimony in this record with respect to the recruiting, interviewing, or selecting of PBS employees is contained in paragraph 1 of the Supplemental Affidavit.

However, *assuming arguendo* that the "particularly temporary personnel" portion of Dickerson's answer could be read as implying that Williamson could not hire regular personnel without approval, it certainly does not constitute "clear deposition testimony". Furthermore, a close review of the transcript shows that there was a lack of clarity and completeness in the questioning process which precludes interpreting the above quoted phrase as "clear deposition testimony". The deposition questions shifted abruptly and frequently between duties and responsibilities at two entities, causing frequent requests for explanation of questions; Dickerson asked for clarification of questions numerous times (Dickerson dep., pp. 14, 21, 23, 29, 31, 38, 39). Questions related to Williamson's duties were scattered throughout the deposition

3

(Dickerson dep., pp. 20-22, 25, 28-31, 34, 43-44).  Counsel for Plaintiff interrupted his questions about Williamson's authority (Dickerson dep., pp. 29-31), never returned to that line of questioning and never asked Dickerson whether his enumeration of Fred Williamson's duties as manager was complete.  Finally, a review of Dickerson's deposition testimony cited on pages 1-2 of Plaintiff's Motion shows that the questions propounded by counsel for Plaintiff were directed towards labor and employment *policies* rather than practices.  None of the questions at Dickerson's deposition quoted on page 2 of Plaintiff's Motion are directed towards practices at PBS; all are directed towards "labor and employment policies", again underscoring the lack of precision and clarity of the questions.  Paragraph 1 of the Supplemental Affidavit was submitted to explain actual hiring practices and to clarify any ambiguity which may have resulted from a three word phrase in a deposition.

<u>Paragraph 2 of Dickerson's Supplemental Affidavit</u>.

Paragraph 2, describing the authority to discipline and supervise PBS employees, is clearly new testimony and not a contradiction of Dickerson's deposition testimony.  There is no testimony in Dickerson's deposition with respect to authority to impose discipline on PBS employees or authority to recommend termination.  Dickerson was never asked about the disciplinary process at PBS or about his involvement in the supervision or discipline of PBS employees.  Dickerson never testified about his involvement in these matters other than to testify that his approval was required before a PBS employee could be terminated.  Clearly paragraph 2 of the Supplemental Affidavit of Thomas C. Dickerson in no way contradicts his deposition testimony.  Paragraph 2 of the Supplemental Affidavit merely provides details for Dickerson's testimony that Fred Williamson was responsible for the supervision of PBS employees (Dickerson dep., pp. 21-22, 25).

4

Paragraph 3 of Dickerson's Supplemental Affidavit.

Paragraph 3 of the Supplemental Affidavit, which explains that Dickerson's office in Quincy was a home office, merely amplifies and in no way contradicts any testimony given by Dickerson during his deposition.

## CONCLUSION

Consideration of Dickerson's Supplemental Affidavit and his deposition testimony shows the two are not contradictory or inherently inconsistent. As in *Maldonado v. U.S. Bank,* 186 F.3d 768-769, Dickerson's Supplemental Affidavit constitutes new testimony, and/or explains issues which were not directly addressed in the deposition and/or explains and clarifies an ambiguity created by the form of the questions, the lack of specificity of the questions and the frequent shifts in subject matter. The Supplemental Affidavit does not contradict and is not inconsistent with deposition testimony, constitutes competent evidence in support of Defendant's Motion for Summary Judgment and should not be stricken or disregarded.

Respectfully Submitted,

PROFESSIONAL BUSINESS SERVICES
OF CENTRAL ILLINOIS, INC., Defendant

s/Gerri Papushkewych
Gerri Papushkewych, Bar No. 11240
Attorney for Defendant
Wolfson & Papushkewych LLP
2904 Greenbriar Drive, Suite D
Springfield, IL  62704
Telephone:  (217)787-3210
Telefax:  (217)787-1752
E-mail:  gerrip@wpllplaw.com

5

CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bradley B. Wilson
Gates, Wise & Schlosser, P.C.
1231 South Eighth Street
Springfield, IL  62703

s/Gerri Papushkewych
Gerri Papushkewych, Bar No. 11240
Attorney for Defendant
Wolfson & Papushkewych LLP
2904 Greenbriar Drive, Suite D
Springfield, IL  62704
Telephone:  (217)787-3210
Telefax:  (217)787-1752
gerrip@wpllplaw.com